AMSL LEGAL GROUP, LLP
Starlet J. Japp (State Bar No. 243097)
Chris C. Chapman (State Bar No. 234738)
Tanya C. McCullah (State Bar No. 279614)
400 Exchange, Suite 100
Irvine, California 92602
Telephone:   949-265-9940
Facsimile: 949-236-5567

Attorneys for Defendants,
RESIDENTIAL CREDIT SOLUTIONS, INC.; and SAGE POINT LENDER SERVICES, LLC

## UNITED STATES DISTRICT COURT FOR THE

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD RAY SHAPIRO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAGE POINT LENDER SERVICES, LLC; RESIDENTIAL CREDIT SOLUTIONS, INC.; AND DOES 1-100, INCLUSIVE<br><br>　　　　　Defendants. | Case No.:<br><br>Honorable:<br><br>[Removed from Riverside County Superior Court, Case No. PSC 1404102]<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT BASED UPON DIVERSITY OF CITIZENSHIP**<br><br>**[28 U.S.C. § 1332, 28 U.S.C. § 1367, 28 U.S.C. 1441, 28 U.S.C. § 1446]**<br><br>Complaint Filed: July 31, 2014 |

///

///

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that defendant RESIDENTIAL CREDIT SOLUTIONS, INC. ("RCS"), hereby removes this action from the Superior Court of California, Riverside County, to the United States District Court for the Central District of California, based upon complete diversity among the parties as further described below:

## ALL PROCEDURAL REQUIREMENTS OF REMOVAL HAVE BEEN SATISFIED

1.      Plaintiff DONALD RAY SHAPIRO ("Plaintiff") filed a Complaint in Riverside County Superior Court on July 31, 2014, styled *Donald Ray Shapiro v. Sage Point Lender, et al.*, which was designated as Case No. PSC 1404102 (the "State Court Action"). (A true and correct copy of the court docket is attached as **Exhibit A** and true and correct copies of all documents filed in the State Court Action in Defendant's possession are attached hereto as **Exhibit B** (Complaint), **Exhibit C** (Ex parte application), and **Exhibit D** (Declaration of Non-Monetary Status).

2.      Plaintiff's lawsuit arises from a dispute regarding a loan evidenced by a Promissory Note and Deed of Trust secured by real property located at 80445 Pebble Beach Drive, Indio, CA 92201 (the "Property").

3.      Plaintiff's Complaint alleges seven separate causes of action for (1) Violation of California Civil Code Section § 2923.5, (2) Violation of California Civil Code Section § 2923.6, (3) Violation of California Civil Code Section § 2923.7, (4) Violation of California Civil Code Section § 2924.10, (5) Violation of B & P code § 17200, (6) Negligence, and (7) Punitive Damages Under California Civil Code § 3294. (A true and correct copy of the Plaintiff's Complaint is attached as **Exhibit B.**)

1        4.     RCS, SAGE POINT LENDER SERVICES, LLC ("SAGE") and

2    DOES 1-100 are the only named defendants in this action.

3        5.     This Notice of removal is brought on behalf of defendant RCS.

4    *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998) (with exceptions, all

5    defendants named in the state action must join the notice of removal); 28 U.S.C. §

6    1441(c)(2). "DOES 1-100" have not been named or served, and their consent is

7    not required. *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1428 (9th

8    Cir. 1984) (overruled on other grounds); *Emrich v. Touche Ross & Co.*, 846 F.2d

9    1190, 1193 n.1 (9th Cir. 1988) (requiring consent only from defendants "properly

10   joined and served in the action"). Defendant SAGE has consented to removal.

11   *Proctor v. Vishay Intertechnology Inc.* 584 F.3d 1208, 1225 (9th Cir. 2009) [For

12   purposes of the joinder of all defendants to a removal, the Ninth Circuit only

13   requires that at least one attorney of record sign the notice and certify that the

14   remaining defendants consent to removal]. Defendant SAGE has appeared in the

15   State Court Action by filing a Declaration of Non-Monetary Status on August 4,

16   2014. (**Exhibit D**.). Notwithstanding, as detailed further below, SAGE is a

17   nominal and/or sham party who was fraudulently joined to the action and whose

18   consent is not required. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1

19   (9th Cir. 1988).

20        6.     Removal of this action is timely. Plaintiff's Complaint was filed on

21   July 31, 2014. This removal is being made within 30 days of the filing of the

22   Complaint. Removal therefore comports with the timing requirements of 28 U.S.C.

23   § 1446(b)(2)(A) ("[e]ach defendant shall have 30 days after receipt of the by

24   service on that defendant…to file the notice of removal.").

25        7.     No previous request has been made for removal.

26        8.     The Central District of California is the proper venue for the removal.

27   The Superior Court of the County of Riverside, is located within the Central

28

District of California. *See* 28 U.S.C. § 84(c). Thus, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(b).

9.     This action is removable to the instant Court because it originally could have been filed in this Court pursuant to 28 U.S.C. § 1441(b).

### DIVERSITY JURISDICTION

10.     This action is removed to the instant Court pursuant to the existence of diversity jurisdiction between the parties. 28 U.S.C. § 1441(b); 28 U.S.C. § 1332. Diversity jurisdiction exists because this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00. Supplemental jurisdiction exists with respect to any remaining claims pursuant to 28 U.S.C. § 1367. Diversity exists between the parties at the time the action was commenced and at the time of this notice of removal. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131-32 (9th Cir. 2002).

### CITIZENSHIP OF THE PARTIES

11.     Plaintiff is domiciled in the State of California and a California citizen. The Complaint situates Plaintiff as a resident, domiciled in California, and the owner of real property in Riverside County, California. (**Exhibit B,** Complaint ("Cplt") ¶¶ 1, 6). The Complaint concerns the pending non-judicial foreclosure of the Property in Riverside County, California. Plaintiff's Complaint alleges that "Plaintiff resides, and is a "domiciled" in California, and Plaintiff has filed suit with respect to a foreclosure of real property in Riverside County, California. (**Exhibit B,** Cplt. ¶¶ 1, 6). Accordingly, Plaintiff is domiciled in California, and therefore a citizen of California for diversity purposes. (**Exhibit B,** Cplt., ¶¶ 1, 6). *See Lew v. Moss*, 797 F.2d 747, 749 -750 (9th Cir. 1986) (a person is domiciled in a location where he or she has established a fixed habitation or abode in a

particular place, and intends to remain there permanently or indefinitely). Therefore, Plaintiff is a citizen of California for purposes of diversity jurisdiction.

12.     Defendant RCS is, and was at the time of filing, a Delaware corporation with its headquarters and principal place of business in Forth Worth, Texas. (**Exhibit E**). Therefore, pursuant to 12 U.S.C. § 1332(c), RCS is deemed a citizen of Delaware and Texas, See *Breitman v. May Co. California*, 37 F.3d 562, 563-564 ("a corporation 'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business…'") (quoting 12 U.S.C. §1332(c)). As such, RCS is deemed a citizen of Delaware and Texas for purposes of diversity.

13.     SAGE is a California citizen for purposes of diversity but SAGE's citizenship is irrelevant to the diversity inquiry because SAGE is a nominal and/or sham defendant.

14.     SAGE is a nominal party who filed a Declaration of Non-Monetary Status ("DNMS") in the State Court Action on August 4, 2014. (**Exhibit D**).  In determining whether complete diversity exists, courts "ignore the citizenship of nominal or formal parties who have no interest in the action, and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant." *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.,* 204 F.3d 867, 873 (9th Cir. 2000) (internal quotation marks omitted). The Ninth Circuit has explained that "[a] nominal defendant is a person who holds the subject matter of the litigation in a subordinate or possessory capacity as to which there is no dispute. The paradigmatic nominal defendant is a trustee, agent or depositary who is joined purely as a means of facilitating collection." *SEC v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998) (internal quotation marks, alterations, and citations omitted). The trustee on a deed of trust is often a nominal party. *Reynoso v. Paul Fin., LLC*, 2009 WL 3833494, at *1 (N.D. Cal. Nov. 16, 2009); *Hafiz v.*

*Greenpoint Mortgage Funding, Inc.*, 652 F. Supp. 2d 1050, 1052 (N.D. Cal. 2009) ("When a trustee under a deed of trust files a declaration of non-monetary status, the party is transformed into a nominal party, thus excusing it from participating in the action." ) (citing *Cal. Civ. Code* § 2924l); *Amaro v. Option One Mortg. Corp.*, 2009 WL 103302 *1 (C.D. Cal. Jan. 14, 2009) ("Defendant Quality Loan Services filed a Declaration of Nonmonetary Status in the state court proceeding before removal, thereby transforming it, the trustee under the deed of trust, into a nominal third party, no longer required to participate in the action pursuant to California Civil Code § 2924l."); see also *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000).

15.    Here, SAGE has filed a DNMS on August 4, 2014 (**Exhibit D**) asserting that they are a nominal defendant that has no interest in the action. *Figueiredo v. Aurora Loan*, 2009 WL 5184472, at *1 (N.D. Cal. Dec. 22, 2009) ("the filing of Cal-Western's declaration of non-monetary status in state court on October 6 transformed Cal-Western into a nominal party whose citizenship is disregarded for purposes of assessing diversity jurisdiction"); *Hafiz,* 652 F. Supp. 2d at 1052; *Amaro, supra,* 2009 WL 103302 at *1.

16.    In addition to being a nominal party, SAGE has also been fraudulently joined, is a sham defendant, and its citizenship should also be disregarded for this separate ground. As observed in *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998), "It is a commonplace that fraudulently joined defendants will not defeat removal on diversity grounds." The term "fraudulent joinder," however, is a term of art. *Id*. The motive of the plaintiff need not be "fraudulent" in the ordinary sense; rather, fraudulent joinder has occurred where "the plaintiff fails to state a cause of action against a resident defendant." *Id*. Indeed, "the test for fraudulent joinder resembles a Rule 12(b)(6) analysis." *TPS Utilicom Servs. v. AT&T Corp.*, 223 F. Supp. 2d 1089, 1102 (C.D. Cal. 2002).

17.   To state a claim in a civil action, a plaintiff must allege the transaction or occurrence giving rise to the claim and the elements of the prima facie case. *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000). The Court need not, however, accept allegations that are "merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). As the Supreme Court has confirmed over the course of its recent decisions:

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant s liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.")

18.   Here, Plaintiff's Complaint is absolutely bereft of any facts or allegations demonstrating any liability or wrongdoing on the part of SAGE. Plaintiff's allegations have no application to SAGE, because SAGE is merely the current trustee and holds absolutely no interest in Plaintiff's Loan. Accordingly, SAGE has been fraudulently joined as Plaintiff fails to allege a claim against SAGE, so SAGE is nothing more than a sham defendant, named solely to defeat

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT BASED UPON DIVERSITY

diversity, and its citizenship should not be considered for subject matter jurisdiction.

19.     The remaining defendants are named as "Doe" defendants, and as such, are disregarded in determining existence of diversity. 28 U.S.C. 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.")

20.     The element of diversity of citizenship is met in that each Defendant in this action is a citizen of a different state than the Plaintiff.

21.     Currently, there are no other, named parties to this action. Consequently, complete diversity is established by virtue of the preceding paragraphs.

## AMOUNT IN CONTROVERSY

22.     "[T]he district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs".  28 U.S.C. § 1332(a). The amount in controversy is determined from the allegations or prayer of the Complaint. *See* 28 U.S.C. § 1446(c)(2) ("the sum demanded in the initial pleading shall be deemed to be the amount in controversy"); *see also*, *St. Paul Mercury Indem. Co. v. Red Cab Co.* (1938) 303 US 283, 289. It is the removing defendant's burden to show the amount in controversy exceeds $75,000. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). The removing party's burden may be satisfied if it is "facially apparent from the complaint" or through "summary-judgment-type evidence" that the amount in controversy exceeds $75,000. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Here, although Plaintiff does not seek a specific amount in damages, it is "facially apparent from the complaint" that the amount in controversy exceeds the jurisdictional amount of $75,000. (**Exhibit B**, Cplt., pp. 12-13, "Prayer").

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT BASED UPON DIVERSITY

23.   The amount in controversy for jurisdictional purposes may be determined by the amount of damages or the value of the property (i.e. object) that is the subject of the action. *Hunt v. Washington State Apple Advertising Comm'n*, 432 US 333, 347-348 (1977); *Meisel v. Allstate Indem. Co.,* 357 F.Supp.2d 1222, 1225 (E.D.Cal. 2005). Here, the relief sought by the claims of the Complaint far exceeds the $75,000 threshold.

24.   Plaintiff seeks relief to enjoin the sale of the Property and/or to prevent Defendants from commencing with the foreclosure of the Property. (**Exhibit B**, Cplt., p. 13, Prayer at ¶ 1). Thus, the amount in controversy may be determined by the value of the object of the litigation, here, the Property. *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 2448 (1997); *see also*, *Brady v. Mercedes-Benz USA, Inc.,* 243 F.Supp.2d 1004 (N.D. Cal. 2002). "In actions seeking declaratory or injunctive relief, it is well established that that the amount in controversy is measured by the value of the object of the litigation." *Reyes v. Wells Fargo Bank, N.A.*, 2010 WL 2629785, at * 4 (N.D. Cal. June 29, 2010) (quoting *Hunt*, 432 U.S. at 347.) "If the primary purpose of a lawsuit is to enjoin a bank from selling or transferring property, then the property is the object of the litigation." *Id.* (citing "*Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973)).

25.   Here, Plaintiff seeks an injunction preventing Defendants from selling the Subject Property. (**Exhibit B**, Cplt., p. 13, Prayer at ¶ 1). The value of the Subject Property at issue in this case is well over $75,000. Plaintiff admits he received a first-lien mortgage in the amount of $395,000.00 secured by a Deed of Trust on the Subject Property. (**Exhibit B**, Cplt, ¶ 8). Further, the current market value of the property is approximately $335,000.00. (Attached as **Exhibit F** is a true and correct copy of the fair market value of the Property according to Zillow.com); *see also*, *Delgado v. Bank of America Corp.*, 2009 WL 4163525 *6

(E.D. Cal. Nov.23, 2009) [the amount in controversy was satisfied in removal where fair market value of the property exceeded $75,000]. Thus, the object of the litigation, the Property, exceeds the $75,000.00 jurisdictional amount for this Court.

26.   The Complaint also seeks punitive damages against Defendants. (**Exhibit B**, Cplt. p. 12, ¶¶ 85-89 and Prayer at ¶ 4). Such damages may also be factored into the calculation of the amount in controversy. *Anthony v. Security Pac. Fin'l Services, Inc.* (7th Cir. 1996) 75 F.3d 311, 315; *Watson v. Blankinship* (10th Cir. 1994) 20 F.3d 383, 386-387; *St. Paul Reinsurance Co., Ltd. v. Greenburg* (5th Cir. 1998) 134 F.3d 1250, 1253-1254 (the amount in controversy may include punitive damages if (1) they are recoverable as a matter of law and (2) it cannot be said to a legal certainty that plaintiff would not be entitled to recover the jurisdictional amount).

27.   In light of the foregoing financial considerations, the amount in controversy clearly exceeds the $75,000.00 threshold.

## CONCLUSION

28.   In light of the foregoing, this action is properly removed to this Court pursuant to 28 U.S.C. Sections 1332, 1441, and 1446.

29.   This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1441(c). 28 U.S.C. § 1367.

30.   By this notice of removal and the associated attachments, Defendant does not waive any objections it may have as to service, jurisdiction, venue, or any other defenses or objections they may have to this action. Defendant intends to convey no admission of fact, law, or liability by virtue of this notice, and it expressly reserves all defenses, motions and/or pleas.

///

///

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT BASED UPON DIVERSITY

31.    Defendant prays that the State Court Action be removed to this Court, that all further proceedings in the state court be stayed, and that Defendant receive all additional relief to which it is entitled.

32.    Accordingly, at the time of this notice of removal and at the time this action was commenced, there is complete diversity of citizenship and the amount in controversy in this action exceeds the sum of $75,000.00, exclusive of interest and costs. Thus, this action is properly removed to this Court pursuant to 28 U.S.C. § 1332; 28 U.S.C. § 1367; and 28 U.S.C. § 1441(b).


Dated:  August 4, 2014                          AMSL LEGAL GROUP, LLP


                                          By: /s/ Tanya C. McCullah
                                              Tanya C. McCullah
                                              Attorneys for Defendant,
                                              RESIDENTIAL CREDIT
                                              SOLUTIONS, INC.; and SAGE
                                              POINT LENDER SERVICES, LLC