WRIGHT, FINLAY & ZAK, LLP
T. Robert Finlay, Esq., SBN 167280
rfinlay@wrightlegal.net
Todd E. Chvat, Esq., SBN 238282
tchvat@wrightlegal.net
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
Tel: (949) 477-5050; Fax: (949) 477-9200

Attorneys for Defendant RESIDENTIAL CREDIT SOLUTIONS, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

DONALD RAY SHAPIRO,

Plaintiff,

vs.

SAGE POINT LENDER SERVICES, LLC; RESIDENTIAL CREDIT SOLUTIONS, INC.; AND DOES 1-100, INCLUSIVE

Defendants.

Case No.: 5:14-cv-01591-JGB-KK

**JOINT STATUS REPORT AND PROPOSED DISCOVERY PLAN**
[FRCP §26(f); LOCAL RULE 26-1]

DATE: APRIL 13, 2015
TIME: 11:00 A.M.
CTRM: "1"

Pursuant to Federal Rules of Civil Procedure section 26(f), a conference was held on March 19, 2015, between Plaintiff DONALD RAY SHAPIRO, by and through his attorneys of record, Gregory T. Armstrong of Inland Counties Legal Services, and Defendant RESIDENTIAL CREDIT SOLUTIONS, INC. ("RCS" or "Defendant"), through its attorneys of record, Wright, Finlay & Zak, LLP. The Parties hereby submit their Joint Rule 26(f) Scheduling Report as follows:

## A. STATEMENT OF THE CASE AND LEGAL ISSUES

i. Plaintiff's Position: Defendant committed various HBOR violations against plaintiff which violations constituted negligent loan servicing by the defendant and injured the plaintiff in terms of emotional distress and the lose of the benefit of the dealt that could have been achieved but for the defendant's negligence.

**Plaintiff's pursuit of this action is not frivolous** Defendant's negligence caused emotional distress which is actionable under common law negligence. Further, the Plaintiff lost the benefit of the deal that could have been achieved had the defendant acted properly in considering the loan modification.

ii. Defendant's Position: Plaintiff's action stems from allegations of "dual tracking" and a botched modification application review in connection with a non-judicial foreclosure proceeding. Upon RCS' Motion to Dismiss, Plaintiff's first cause of action for violation of *Civil Code* §2923.5/55, fourth cause of action for violation of *Civil Code* §2924.10, and seventh cause of action for punitive damages/fraud were dismissed by the Court. [Dkt. No. 17]. Plaintiff did not amend the Complaint and an Answer was filed to the following causes of action:

- Second cause of action for violation of *Civil Code* §2923.6;
- Third cause of action for violation of *Civil Code* §2923.7;
- Fifth cause of action for violation of *Business & Prof. Code* §17200; and
- Sixth cause of action for negligence. [Dkt. No. 18].

**Plaintiff's continued pursuit of this action is frivolous**. On November 3, 2014, a ***Rescission*** of the disputed foreclosure proceeding was recorded, Doc. No. 2014-0417394. As a result, there is no pending foreclosure proceeding. Plaintiff's remaining *Civil Code* §2923.6 and §2923.7 claims are based solely on allegations that RCS wrongfully denied his modification review and never assigned him a "Special Point of Contact" or sent him any denial letters per the

Homeowner's Bill of Rights ("HBOR"). Plaintiff's remaining *Business & Prof. Code* §17200 and negligence claims are likewise premised on these same allegations. Despite the fact that Plaintiff's claims are unfounded and inaccurate, the disputed Notice of Default was rescinded. As such, Plaintiff's remaining claims are now moot. Under HBOR, only injunctive relief is available pre-sale until such time as the violating conduct is corrected. *Civil Code* §2924.12. Since the filing of the Complaint, the NOD has been rescinded and RCS has offered to review Plaintiff again for a modification this time with counsel involved to ensure a full documented review takes place.

Any and all alleged violations in connection with the prior modification review or HBOR have now either been remedied or been offered as a remedy. Furthermore, in light of the rescission, Plaintiff has not sustained any actionable damages resulting from the alleged "dual tracking" and a botched modification application review. Plaintiff equally cannot establish any tort damages under his negligence or UCL claims which are based on the same loan modification allegations. Plaintiff's allegations of wrongdoing in the prior loan modification review are based purely in statute. Per statute, monetary damages are not available under any theory in relation to a botched modification review. *Civil Code* §2924.12. Plaintiff is and never was entitled to a modification. He cannot establish any resulting damages and any foreclosure alternatives which were available to him previously remain available to him now. In fact, since home values have dramatically improved since 2013, he is actually in a better position now than he was before.

**B. <u>JURISDICTION</u>**

This Court has federal jurisdiction on the basis of diversity of citizenship. Alternatively, plaintiff contends that diversity fails since plaintiff had filed a Objection To Declaration Of Non-Monetary Status Of Defendant Sage Point Lender Servcices, LLC under *Civil Code §2924l* within the statutory time.

**C. PARTIES, EVIDENCE, ETC.**

Plaintiff is the borrower under a loan secured by the real property located at 80445 Pebble Beach Drive, Indio, CA 82201. Defendant RCS is the current loan servicer. Sage Point Lender Services, LLC is the Deed of Trust Trustee. Key witnesses would include Plaintiff, Plaintiff's wife – co-borrower, RCS' persons most knowledgeable with respect to the prior loan modification review. Key documents include loan servicing and loss mitigation documents, as well as documents which evidence Plaintiff's damages.

**D. DAMAGES**

i. Plaintiff's Position:

Plaintiff alleges emotional distress damages under the negligence claim. Further, plaintiff alleges that they lost a favorable financial position by being denied a loan mod at the time requested.

ii. Defendant's Position: As detailed above, in light of the NOD Rescission, Plaintiff has no provable or actionable damages.

**E. INSURANCE**

At this time, it does not appear that this case is covered by any applicable insurance agreement.

**F. MOTION SCHEDULE**

Plaintiff has no current motions calendared. Defendant has no current motions calendared. The Parties do not anticipate the need to add parties or amend the complaint. Defendant anticipates filing a Motion for Summary Judgment after discovery as well as a Motion for Sanctions for Plaintiff's improper pursuit of this action despite the rescission of the foreclosure proceeding.

**G. COMPLEX LITIGATION**

The Parties do not believe that this action is a complex case.

**H. DISCOVERY STATUS**

Plaintiff has no current discovery pending. RCS' written requests for production, interrogatories, and admissions were propounded on March 23, 2015.

Plaintiff anticipates initiating discovery shortly.

**I. DISCOVERY PLAN**

The Parties do not believe that any changes are needed in the timing, form or requirement for disclosures under Fed.R.Civ.P. 26(a). Plaintiffs and Defendants shall exchange their Initial Disclosures within14 days of the Scheduling Conference, as required by Fed.R.Civ.P. 26(a)(1)(c). No limitations are proposed at this time on the scope of discovery. The parties do not propose conducting discovery in phases.

**J. DISCOVERY CUT-OFF**

See timetable attached hereto as Exhibit A.

**K. EXPERT DISCOVERY**

See timetable attached hereto as Exhibit A.

**L. DISPOSITIVE MOTIONS**

Plaintiff has no current motions calendared. Defendant anticipates filing a Motion for Summary Judgment after discovery and a Motion for Sanctions for Plaintiff's improper pursuit of this action despite the rescission of the foreclosure proceeding. Specifically, the rescission of the disputed foreclosure proceeding mooted any and all of Plaintiff's remaining claims against RCS. Plaintiff also cannot establish any actionable damages under the circumstances.

**M. SETTLEMENT**

The Parties agree to participate in an early settlement conference/mediation before a mutually agreeable mediator selected from the Attorney Settlement Officer panel.

**N. TRIAL ESTIMATE**

i. Plaintiff's Position: Plaintiff estimates 2-3 day trial. Plaintiff waives a jury trial. Plaintiff will call 3-4 witnesses.

ii. Defendant's Position: RCS estimates a 2-3 day trial only. RCS waives a jury trial. Defendant estimates calling 3-5 witnessed.

**O. TRIAL COUNSEL**

Plaintiff's trial counsel will be Gregory T. Armstrong, INLAND COUNTIES LEGAL SERVICES, INC.

Defendant's trial counsel will likely be Robert Finlay, Esq. and Todd E. Chvat, Esq. of WRIGHT, FINLAY & ZAK, LLP.

**P. INDEPENDENT EXPERT OR MASTER**

The Parties do not believe that the appointment of an independent expert or master is necessary

**Q. TIMETABLE**

See timetable attached hereto as Exhibit A.

**R. OTHER ISSUES**

None at this time.

Respectfully submitted,

INLAND COUNTY LEGAL SERVICES

Dated: March 30, 2015

By: ___*/Gregory T. Armstrong/*___
Gregory T. Armstrong,
Attorneys for Plaintiff
DONALD RAY SHAPIRO

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: March 30, 2015

By: */Todd E. Chvat /*
T. Robert Finlay, Esq.,
Todd E. Chvat, Esq.,
Attorneys for Defendant
RESIDENTIAL CREDIT SOLUTIONS, INC.